J-S52017-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BARRY LEE KAUFFMAN, JR. | : | No. 143 MDA 2018 |

Appeal from the PCRA Order December 22, 2017
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0005881-2014

BEFORE:   BENDER, P.J.E., McLAUGHLIN, J., and STRASSBURGER*, J.

MEMORANDUM BY McLAUGHLIN, J.:                **FILED MARCH 06, 2019**

The Commonwealth appeals from the order granting Barry Lee Kauffman, Jr.'s Amended Petition for Post-Conviction Relief, 42 Pa.C.S.A. § 9541-46. We conclude the PCRA court did not err when it found that counsel was ineffective when advising Kauffman that his prior non-*crimen falsi* convictions would be admitted if he testified. We affirm.

The trial court set forth the following factual history:

> On July 26, 2014, Michael and Holly Boyd (collectively, "the victims") returned to their home after spending the day with their family at a local amusement park. Upon exiting their vehicle, [Kauffman] and Michael Boyd engaged each other in a verbal altercation.[5] The victims recalled [Kauffman] yelling "obscenities" at them for testifying against him in a civil proceeding a few months prior. The victims noted [Kauffman's] speech was slurred and he swayed as he tried to maintain his balance.
>
> > [5] [Kauffman] initially related to Officer Biesecker that Michael Boyd initiated the yelling, but told the officer he couldn't recall the contents of the argument.

[Kauffman] then walked off of his porch into the victims' driveway and approached Michael Boyd face-to-face. Michael Boyd testified that [Kauffman] yelled he would "burn our fucking house down with our child in it." Holly Boyd also testified that [Kauffman] threatened to "burn your fucking house down with your family in it." [Kauffman] made this threat while Holly Boyd was holding the victims' four year old son, Mikey. The victims' son was "crying and upset and asked . . . if [Kauffman] was going to kill [them] by burning [their] house down." Michael Boyd testified that he told [Kauffman] he had posted "no trespassing" signs on his property, and he was going to call the police. Holly Boyd's testimony indicated that her husband also told [Kauffman] to "please leave him and his family alone."[6] The victims then went inside their home to call the police. The responding officers testified that, upon making contact with [Kauffman], he had glassy, bloodshot eyes, slurred speech, and poor balance.

> [6] Holly Boyd's testimony conflicts with her husband's testimony in so far as it relates to the timing of these statements. Michael Boyd testified that his statement occurred when he and [Kauffman] were face-to-face [sic]. Holly Boyd's testimony indicates these statements were made while [Kauffman] was still on his front porch.

Opinion in Support of Order Granting Defendant's PCRA Petition, filed Dec. 22, 2017, at 2-3 ("PCRA Ct. Op."). At trial, following an on-the-record colloquy, Kauffman waived his right to testify. N.T., 7/20/15, at 94-96.

A jury convicted Kauffman of terroristic threats, 18 Pa.C.S.A. § 2706(a)(1), and the trial court found Kauffman guilty of public drunkenness, 18 Pa.C.S.A. § 5505. The trial court sentenced Kauffman to six to 12 months' imprisonment for the terroristic threats conviction. This Court affirmed the judgment of sentence for terroristic threats, but vacated the conviction for public drunkenness, finding the Commonwealth failed to present sufficient

evidence that Kauffman was in a public place while intoxicated.[1] *Commonwealth v. Kauffman*, No. 1632 MDA 2015, at 10-12 (Pa.Super. filed July 22, 2016) (unpublished memorandum).

On March 21, 2017, Kauffman filed a petition under the PCRA. The PCRA court appointed counsel, who filed an amended petition, alleging, among other things, that trial counsel was ineffective for advising Kauffman not to testify. The PCRA court held a hearing, at which both Kauffman and trial counsel testified.

Kauffman testified that his trial counsel advised him not to testify because, if he testified, the Commonwealth would "bring up [his] criminal past," N.T., 10/25/17, at 9, which included a 1998 conviction for indecent assault, *id.* at 36. He stated counsel did not explain the statement and "just said they were going to bring up my criminal past and ask me questions about my criminal past." *Id.* at 9. Kauffman further stated that he did not tell the victims that he would burn down their trailer, *id.* at 11, and would have testified at trial if counsel had not advised him that the Commonwealth would

---

[1] The trial court stayed Kauffman's sentence pending appeal. He began serving the sentence on February 13, 2017, *see* Order, filed Feb. 8, 2017, and it appears he completed the sentence on February 12, 2018. *See* York County Pre-Parole Investigation and Order. Kauffman was on parole at the time of the PCRA hearing. N.T., 10/25/17, at 5. The PCRA court granted relief on December 22, 2017. Kauffman proved that he was serving a term of parole at the time the PCRA court granted relief, *see* 42 Pa.C.S.A. § 9543(a)(1), and we have jurisdiction to entertain this Commonwealth appeal from the order granting relief. *Commonwealth v. Ward-Green*, 141 A.3d 527, 528 n.1 (Pa.Super. 2016).

use his criminal past, *id.* at 9-10. Further, he agreed that when he waived his right to testify at trial, he based the decision "upon [trial counsel's] advice that if [he] testified, [his] crimes of dishonesty, [his] criminal past, would be told to the jury[.]" *Id.* at 17.

Trial counsel testified that he advised Kauffman not to testify because he did not believe the testimony was needed, as they "had gotten [Kauffman's] version of events out through . . . the [victims']" testimony, and because he was "concerned about how [Kauffman] would testify, given the anger he had shown towards [counsel] in [the] discussions and about this incident." *Id.* at 33-34. Counsel was worried about cross-examination and about the jury seeing the anger. *Id.* at 34. When asked whether he advised Kauffman not to testify because his prior criminal conviction would be brought out by the Commonwealth, counsel stated:

> I don't remember there being any *crimen falsi* on there. I believe there was an assault charge, and so I believe my – in my speaking with Mr. Kauffman is, if you get up there and say that you would never do anything like this, prior assaultive behavior could be brought in, and that's a prior record that could come in. So I'm pretty sure it was discussed, but that's not what I based my advice on.

*Id.* at 35 (italics added). Counsel further stated that he did not conduct legal research as to whether an indecent assault from 15 years ago would "open the door." *Id.* at 36.

The PCRA court granted the PCRA petition, and the Commonwealth filed a timely Notice of Appeal.

The PCRA court found Kauffman established his counsel was ineffective for advising him his prior conviction could be used during cross-examination if he testified. PCRA Ct. Op. at 15-17. The court noted that trial counsel stated that he advised Kauffman not to testify because he "believed the case had gone well and [Kauffman's] testimony was not needed, and because he was concerned how [Kauffman] would testify, given the aggressive nature he had witnessed from [Kauffman]." *Id.* at 15. Trial counsel, however, also "concede[d] that he remembered [Kauffman] having a sexual assault charge on his record and . . . recalled telling [Kauffman] that if [Kauffman] elected to take the stand and testify 'that [he] would never do anything like this, [then the] prior assaultive behavior could be brought in.'" *Id.* at 15-16.

The PCRA court concluded that trial counsel "erroneously advised [Kauffman] that his prior indecent assault [conviction] could be used to impeach him" and that the advice was "unreasonable." *Id.* at 16. It further found that Kauffman was credible when he stated that he based his decision not to testify "solely on [trial counsel's] faulty advice," noting Kauffman testified that "it was the fear of the Commonwealth cross-examining him regarding his prior criminal record that ultimately provoked his decision to waive his right to testify." *Id.* at 16-17.

We remanded to the PCRA court for issuance of a supplemental Pennsylvania Rule of Appellate Procedure 1925(a) opinion to determine the basis for the PCRA court's finding of ineffectiveness, that is, whether the PCRA court based its finding of ineffectiveness on a belief that non-*crimen falsi*

convictions could never be admitted, or on a finding that counsel told Kauffman that his prior conviction could be admitted regardless of his testimony. *Commonwealth v. Kauffman*, No. 143 MDA 2018 (Pa.Super. filed Dec. 3, 2018) (unpublished memorandum).

The PCRA court issued a supplemental opinion explaining that it believed that non-*crimien falsi* convictions are admissible if a defendant opens the door through evidence of his own good character as a peaceable or law-abiding person. Supplemental Statement of Lower Court Pursuant to Pa.R.A.P. 1925(a), filed Jan. 14, 2019, at 2-3 ("Supplemental 1925(a) Op."). It further explained that it credited Kauffman's testimony that his counsel advised him that the Commonwealth would ask him about his criminal past, and that counsel did not explain the circumstances under which the Commonwealth could question him about his past, that is, counsel did not inform him his past would be admissible only if he testified as to his good character. *Id.* at 3. The court further noted that trial counsel's testimony corroborated Kauffman's testimony, as counsel testified he discussed Kauffman's prior conviction for indecent assault and that the "prior assaultive behavior could be brought in." *Id.* Counsel also admitted he did not research whether a 15-year-old prior conviction for indecent assault could be "brought up" by the Commonwealth. *Id.* at 4.

The Commonwealth raises the following issue on appeal:

> Did the PCRA court err when it granted [Kauffman's] PCRA Relief petition on the basis that [Kauffman] had ineffective assistance of counsel when Defense Counsel advised him

not to testify based on Defense Counsel's belief [Kauffman] would make a poor witness, [Kauffman's] testimony was not needed, and [Kauffman's] prior criminal history could be introduced by the prosecution to rebut any evidence of [Kauffman's] good character or reputation?

Commonwealth's Br. at 4.

When reviewing the grant of a PCRA petition, we examine the PCRA court's "findings of fact to determine whether they are supported by the record, and . . . its conclusions of law to determine whether they are free from legal error." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (quoting *Commonwealth v. Colavita*, 993 A.2d 874, 887 (Pa. 2010)).

To prevail on an ineffectiveness claim, a petitioner must establish: "(1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result." *Id.* (citing *Commonwealth v. Ali*, 10 A.3d 282, 291 (Pa. 2010)). "Counsel is presumed effective" and the petitioner bears the burden of demonstrating ineffectiveness. *Id.* (quoting *Colavita*, 993 A.2d at 886).

"The decision of whether or not to testify on one's own behalf is ultimately to be made by the defendant after full consultation with counsel." *Commonwealth v. Nieves*, 746 A.2d 1102, 1104 (Pa. 2000). "[T]o sustain a claim that counsel was ineffective for failing to advise the appellant of his rights in this regard, the appellant must demonstrate either that counsel interfered with his right to testify, or that counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision to testify on his own behalf." *Id.* Where a petitioner claims trial counsel's ineffectiveness

caused him to not testify in his defense, the petitioner establishes the prejudice prong of an ineffectiveness claim by proving that he would not have waived his right to testify "absent counsel's ineffectiveness." **Commonwealth v. Walker**, 110 A.3d 1000, 1005 (Pa.Super. 2015).

Here, Kauffman maintained that trial counsel's advice was unreasonable and, therefore, his waiver was not knowing and intelligent, and that he would not have waived his right to testify absent the advice.

In general, "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Pa.R.Evid. 404(b)(1). However, "[f]or the purpose of attacking the credibility of any witness, evidence that the witness has been convicted of a crime . . . must be admitted if it involved dishonesty or false statement" and it is not more than ten years old. Pa.R.Evid. 609(a), (b). Further, a defendant's prior non-*crimen falsi* convictions are admissible on cross-examination of a defendant "to repudiate specific evidence of good character." **Commonwealth v. Hernandez**, 862 A.2d 647, 650 (Pa.Super. 2004) (quotation marks omitted); **see also Commonwealth v. Crosley**, 180 A.3d 761, 770 (Pa.Super. 2018) (holding defendant's prior aggravated assault conviction where he had attacked guard with sharp object admissible at murder trial because he testified at murder trial that he had never carried weapon before). Specifically, the relevant statute provides that a defendant who testifies in his own defense may not be asked questions regarding convictions or charges for "any offense other than

the one wherewith he shall then be charged," or that tend to show he has a bad character or reputation unless:

> (1) he shall have at such trial, personally or by counsel, asked questions of the witness for the prosecution with a view to establish his own good reputation or character, or has given evidence tending to prove his own good character or reputation[.]

42 Pa.C.S.A. § 5918(1).

In **Nieves**, trial counsel informed the defendant that his convictions would be used to impeach him, even though the defendant's criminal record did not include *crimen falsi* convictions. **Nieves**, 746 A.2d at 1104-05. The Pennsylvania Supreme Court stated that such advice was "clearly unreasonable as it is well-established that evidence of prior convictions can only be introduced for the purpose of impeaching the credibility of a witness if the conviction was for an offense involving dishonesty or false statement." **Id.** at 1105. The Court concluded the advice "vitiate[d] [defendant's] knowing and intelligent decision not to testify," vacated the judgment of sentence, and remanded for a new trial. **Id.** at 1106.

Kauffman, who had a prior indecent assault conviction, did not testify at trial. It is undisputed that Kauffman's prior conviction is not a *crimen falsi* conviction that occurred within the past ten years.[2] PCRA Court Op. at 16;

---

[2] There is mention at the hearing of a 1996 conviction for receiving stolen property. There is no argument at the PCRA hearing or on appeal that this would have been admissible under Pennsylvania Rule of Evidence 609(b). **See** Pa.R.Evid. 609(b) (limiting use of *crimen falsi* conviction if conviction more than ten years old).

Commonwealth's Br. at 8. At the evidentiary hearing, Kauffman testified that his counsel advised him not to testify because "they're going to bring up my criminal past," N.T., 10/25/17, at 9, and stated counsel did not explain why the Commonwealth would raise his past. *Id.* He testified that he would have testified if his counsel had not informed him that the Commonwealth would question him about his prior conviction. *Id.* at 9-10.

The PCRA court credited this testimony and concluded that counsel informed Kauffman his non-*crimen falsi* convictions would be used on cross-examination, without explaining they could be used only if Kauffman testified as to his good character or reputation for peacefulness. Further, although trial counsel testified his advice to not testify was based on other factors, the PCRA court credited Kauffmans' testimony that he based his decision not to testify on the advice that his prior criminal history would be admissible. We conclude the record supports these findings.

Because counsel advised Kauffman his non-*crimen falsi* convictions could be used during cross-examination without explanation, and because Kauffman would have testified absent counsel's inaccurate advice, we conclude that the PCRA court did not err as a matter of law when it found trial counsel ineffective. *Nieves*, 746 A.2d at 1104-06. We therefore affirm the trial court's order granting Kauffman's PCRA petition.

Order affirmed.

- 10 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 03/06/2019